UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

WINDY LUCIUS,

    Plaintiff,

v.

THATS A WRAP SANDWICH CO.

    Defendant.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, WINDY LUCIUS, ("Plaintiff"), hereby sues the Defendant, THATS A WRAP SANDWICH CO. ("Defendant"), a Florida corporation, for Injunctive Relief, attorney's fees, litigation expenses and costs pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 C.F.R. Part 36, *et seq*.

1. Venue lies in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and Local Rule 3.1, in that the original transaction or occurrence giving rise to this cause of action occurred in this District.

2. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. *See also* 28 U.S.C. § 2201 and § 2202.

3. Plaintiff is a Florida resident, lives in Miami-Dade County, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is legally blind and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h). Plaintiff is substantially

limited in the major life activity of seeing. Plaintiff's disability is defined in 28 C.F.R. §36.105(b)(2).

4. Plaintiff also utilizes the internet and a smart phone. Plaintiff is unable to read computer materials and/or access and comprehend internet and smart phone applications information without software specially designed for the visually impaired. Specifically, Plaintiff utilizes the Voice Over Screen Reader software for the IOS operating system.

5. Plaintiff is also an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation and/or their internet and/or smart phone applications are in compliance with the ADA.

6. Defendant owns and operates a places of public accommodation which are sandwich shops branded "That's A Wrap Sandwich Shop." Defendant owns several sandwich shops in South Florida and each sandwich shop is open to the public. Therefore, each sandwich shop is a Place of Public Accommodation subject to the requirements of Title III of the ADA and its implementing regulation as defined by 42 U.S.C. §12181(7)(B), §12182, and 28 C.F.R. §36.104(2). Defendant's That's A Wrap Sandwich Shops are also referenced throughout as "place(s) of public accommodation," or "sandwich shop(s)."

7. Defendant is defined as a "Public Accommodation" within meaning of Title III because Defendant is a private entity which owns and/or operates "[A] restaurant, bar, or other establishment serving food or drink," 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2).

8. Subsequent to the effective date of the ADA, Defendant constructed, or caused to be constructed, an Apple Smartphone Application ("APP"), hereinafter referenced as "APP". On information and belief, Defendant is the owner, operator, lessor and/or lessee of the APP.

Defendant's APP supports, is an extension of, is in conjunction with, is complementary and supplemental to, Defendant's That's A Wrap Sandwich Shops. The APP delineates the goods, services, accommodations, privileges, benefits and facilities available to patrons at Defendant's sandwich shop physical locations. On information and belief, Defendant also continually and/or periodically updates and maintains its APP.

9. This APP provides information about Defendant's sandwich shops and is offered by Defendant as a way for the public to become familiar with That's A Wrap Sandwich Shop menu selections as well as information on hours of operation and locations. Most importantly, the APP permits users to order food and drinks using the APP and have the order ready for pick up at the sandwich shop.  By the provision of menu selection and to-go order selection, the APP is an integral part of the goods and services offered by Defendant. By this nexus, the APP is characterized as a service of a Place of Public Accommodation to Title III of the ADA[1], 42 U.S.C. §§ 12181(7)(B).

10. Defendant and alike eating establishments are fully aware of need to provide full access to all visitors to its APP.[2]

11. Such barriers result in discriminatory and unequal treatment of individuals with disabilities who are visually impaired and result in punishment and isolation of blind and low vision individuals from the rest of society.

---

[1] "The Department of Justice has long taken the position that both State and local government Websites and the websites of private entities that are public accommodations are covered by the ADA. In other words, the websites of entities covered by both Title II and Title III of the statute are required by law to ensure that their sites are fully accessible to individuals with disabilities." (See: Statement of Eve Hill Senior Counselor to the Assistant Attorney General for the Civil Rights Department of Justice - Before the Senate Committee on Health, Education, Labor & Pensions United States Senate – Concerning The Promise of Accessible Technology: Challenges and Opportunities – Presented on February 7, 2012.

[2] Major Retailing Trade Magazines have been publishing articles to alert retailer of the need to update their websites in light of current legal trends and cases e.g. (https://www.digitalcommerce360.com/2016/04/01/web-accessibility-what-e-retailers-need-know/),  (www.retailingtoday.com/article/lawsuit-highlights-importance-ada-compliance )

12. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this action is her only means to secure adequate redress from Defendant's discriminatory practice.

13. Notice to Defendant is not required as a result of Defendant's failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

14. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendant pursuant to 42 U.S.C. §12205 and 28 CFR 36.505.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

15. The ADA and implementation of ADAAG requires that Public Accommodations (and Places of Public Accommodation) are required to ensure that communication is effective, which includes the provision of auxiliary aids and services for such purpose.

16. According to 28 C.F.R. Section 36.303(b)(1), auxiliary aids and services includes "voice, text, and video-based telecommunications products and systems." 28 C.F.R. Section 36.303(b)(2) specifically states that screen reader software is an effective method of making visually delivered material available to individuals who are blind or have low vision.

17. 28 C.F.R. Section 36.303(c)(1)(ii) specifically states that public accommodations must furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities. "In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability."

18. Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which prohibits discrimination on the basis of disability by public accommodations and requires places of public accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36.

19. Defendant's APP has been designed to integrate with its That's A Wrap Sandwich Shop physical locations because of the ability for patrons to order and pay for food and drink selections online, therefore the APP is an extension of Defendant's sandwich shop physical locations (which are each a Place of Public Accommodation). By and through its APP, Defendant has extended its Places of Public Accommodation into individual persons' homes, portable devices (smart phones), and personal computers wherever located. The APP is a service, facility, privilege, advantage, benefit and accommodation of Defendant's Places of Public Accommodation. As such, Defendant's APP is integrated with, and is a nexus to, its sandwich shop physical locations. Therefore, it is governed by the following provisions:

   a. 42 U.S.C. Section 12182(a) provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

   b. 42 U.S.C. Section 12182(b)(1)(A)(i) provides: "It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity[.]"

   c. 42 U.S.C. Section 12182(b)(1)(A)(ii) provides: "It shall be discriminatory to

afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals[.]"

   d. 42 U.S.C. Section 12182(b)(1)(A)(ii) provides: "It shall be discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others[.]"

   e. 42 U.S.C. Section 12182(b)(1)(B) provides: "Goods, services, facilities, privileges, advantages, and accommodations shall be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual."

   f. 42 U.S.C. Section 12182(b)(1)(C) provides: "Notwithstanding the existence of separate or different programs or activities provided in accordance with this section, an individual with a disability shall not be denied the opportunity to participate in such programs or activities that are not separate or different."

   g. 42 U.S.C. Section 12182(b)(2)(ii) describes as discrimination: "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or

6

accommodations[.]"

      h.    42 U.S.C. Section 12182(b)(2)(iii) describes as discrimination: "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden[.]"

20.    As the owner and/or operator of the "That's a Wrap" sandwich shop APP, Defendant is required to comply with the ADA and the provisions cited above. This includes Defendant's obligation to create and maintain an APP that is accessible to and usable by visually impaired persons so that they can enjoy full and equal access to the APP and the content therein, including the ability to order food and drink using the APP.

21.    Plaintiff attempted to access and/or utilize Defendant's APP, but was unable to, and she continues to be unable to enjoy full and equal access to the APP and/or understand the content therein because numerous portions of the APP do not interface with and are not readable by Plaintiff's screen reader software. More specifically, features of the APP that are inaccessible to the visually impaired include, but are not limited to, the following (citing the WCAG 2.1 Level A and Level AA Guidelines):

   i.    Guideline 1.11 Non-Text content is violated, as the "Place Order" button shown on the last screen of the Order Review page includes text that shows the total amount of the order and the name of the button, but neither is announced. Screen reader software users only hear "button."

   ii.    Guideline 1.3.1 Info and Relationships is violated. For example, three buttons on the Start Order section shown at the bottom of the APP homepage – Focus doesn't move into this element, nor does it move to each button. Users hear "button" and they cannot change the store location nor can they change the pickup time.

iii. Guideline 1.3.2 Meaningful Sequence is violated. This guideline requires content to be provided in a meaningful order. For example, when focus moves to the "Add a Tip" section on the Review Order page, all the tip buttons are announced at once and focus doesn't move to any of the individual buttons so the user cannot select a tip amount.

iv. Guideline 2.4.3 Focus Order is violated. Focus order is required to present a logical order and in this case, the focus moves to hidden elements so that screen reader software users hear items that are not visible.

v. Guideline 2.4.6 Headings and Labels are not clear. Section labels are not announced. For example, instead of hearing the "Fresh Garden Signature Salads" section and the expand button, users just hear "button heading." There is no ability for the users of screen reader software to realize the Expand button expands or collapses a section and they cannot discern the actual name of the section.

vi. Guideline 2.5.3 Label in Name is violated. Any component that has text or an image of text must have an accessible name shown in visible text. However, in the APP, when on the ordering section, the "back" button is not labeled. Screen reader software users only hear "button.".

vii. Guideline 3.3.1 Error identification. Input errors are not clearly identified. When attempting to log in with incorrect information, and error message is displayed at the top of the screen in red, but focus doesn't move to the error message the error is not announced. Instead, the focus moved to the "close" button and screen reader software users do not hear a command that the log in was not successful.

viii. Guideline 3.3.2 Labels or Instructions are violated. For example, the "Add" button, which is required for a user to add an item to the APP online ordering basket, isn't labeled. It's simply announced as "button."

ix. Guideline 4.1.2 Name, Roll, Value is violated. This is a critical error. The product options are not announced with the correct roll. For example, the checkbox for "Fresh Mozzarella" is announced as "dimmed button" so screen reader software users don't hear that checkbox is and the 'dim' informs them that the item is not available so screen reader software users don't realize they can select options which are announced as "dimmed."

x. Guideline 4.1.3 Status Messages is violated. When placing an order, a user must select different options which are shown as a checkbox. When selected, each checkbox button changes color and a checkmark is displayed so a user can hear that the item was selected, but no announcement is made of this fact to screen reader software users.

22. Plaintiff continues to attempt to utilize the APP and/or plans to continue to attempt to utilize the APP in the near future. In the alternative, Plaintiff intends to monitor the APP in the near future, as a tester, to ascertain whether it has been updated to interact properly with screen

reader software.

23. With respect to its APP, Defendant has violated the ADA by failing to interface its APP with software utilized by visually impaired individuals (as specifically delineated within paragraph 21) either directly or through contractual, licensing or other arrangements. Defendant's violations have resulted in Defendant denying Plaintiff accommodation on the basis of her disability:

a. by depriving Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its place of public accommodation (42 U.S.C. § 12182(a));

b. in the denial of providing Plaintiff the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations (42 U.S.C. § 12182(b)(1)(A)(i));

c. in failing to afford Plaintiff the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that afforded to other individuals (42 U.S.C. § 12182(b)(1)(A)(ii));

d. by providing Plaintiff a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals (unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others) (42 U.S.C. § 12182(b)(1)(A)(iii));

e. by failing to afford Plaintiff goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate to the needs of the disabled individual (42 U.S.C. § 12182(b)(1)(B));

9

f. notwithstanding the existence of separate or different programs or activities provided in accordance with this section, by denying Plaintiff the opportunity to participate in such programs or activities that are not separate or different. (42 U.S.C. § 12182(b)(1)(C));

g. by a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities (unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations) (42 U.S.C. § 12182(b)(2)(ii)); and,

h. by a failure to take such steps as may be necessary to ensure that disabled individuals are not excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services (unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden) (42 U.S.C. § 12182(b)(2)(iii)).

24. Plaintiff has certain dietary restrictions and Plaintiff would like to be a customer at Defendant's sandwich shops but before Plaintiff patronized any of the That's a Wrap sandwich shops, she would like to determine what is available for her dining selections that would meet her dietary restrictions. In that regard, Plaintiff continues to attempt to utilize the APP and/or plans to continue to attempt to utilize the APP to review the menu and to order food and drinks.

25. Plaintiff is continuously aware of the violations within Defendant's APP and is aware that it would be a futile gesture to attempt to utilize the APP as long as those violations exist unless she is willing to suffer additional discrimination.

26. Plaintiff has suffered (and continues to suffer) frustration and humiliation as the

result of the discriminatory conditions present within Defendant's APP. By continuing to operate its APP with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions within Defendant's APP and knowing that it would be a futile gesture to attempt to utilize the APP unless she is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting and utilizing the same accommodations readily available to the general public and is deterred and discouraged from doing so. By maintaining an APP with violations, Defendant deprives Plaintiff the equality of opportunity offered to the general public.

27. Plaintiff has suffered (and will continue to suffer) direct and indirect injury as a result of Defendant's discrimination until Defendant is compelled to comply with the requirements of its ADA.

28. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from Defendant's non-compliance with the ADA with respect to its APP. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by Defendant. Plaintiff desires to access the APP to avail herself of the benefits, advantages, goods and services therein, and/or to assure herself that this APP is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the APP without fear of discrimination.

29. Plaintiff is without adequate remedy at law and has suffered (and will continue to suffer) irreparable harm. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested

herein.

30. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require Defendant to alter its APP to make it readily accessible to and usable by Plaintiff and other persons with vision impairments.

**WHEREFORE,** Plaintiff WINDY LUCIUS hereby demands judgment against Defendant THATS A WRAP SANDWICH CO. and requests the following injunctive and declaratory relief:

*a.* The Court issue a Declaratory Judgment that determines that Defendant's APP is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.;*

*b.* The Court issue a Declaratory Judgment that Defendant has violated the ADA by failing to monitor and maintain its APP to ensure that it is readily accessible to and usable by persons with vision impairment;

*c.* The Court issue an Order directing Defendant to alter its APP to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

*d.* The Court issue an Order directing Defendant provide the appropriate auxiliary aids such that individuals with visual impairments will be able to effectively communicate with its APP for purposes of comprehending Defendant's menu selections, ordering/paying for gift cards, and making reservations, and during that time period prior to the APP's being designed to permit individuals with visual impairments to effectively communicate, requiring Defendant to provide an alternative method for individuals with visual impairments to effectively communicate so that disabled individuals are not impeded from obtaining the goods

and services made available to the public through Defendant's APP.

e. The Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

f. The Court enter an Order directing Defendant to continually update and maintain its APP to ensure that it remains fully accessible to and usable by visually impaired individuals;

g. The Court award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and

h. The Court provide such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: January 18, 2022

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, FL 33156
T:  305-351-2014
cc@cunninghampllc.com